IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN MOHR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:19-cv-150 |
| | ) |
| NEWREZ LLC, formerly known as | ) |
| NEW PENN FINANCIAL, LLC, | ) |
| doing business as SHELLPOINT | ) |
| MORTGAGE SERVICING, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1. Plaintiff, Brian Mohr, brings this action to secure redress from unlawful mortgage servicing practices engaged in by defendant NEWREZ, LLC, formerly known as New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"). Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), and breach of contract. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

2. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

3. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial*

1

*Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

4. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. §1692 (FDCPA).

7. Venue in this District is proper because defendant does or transacts business in this District and the case concerns a loan secured by real estate within the District.

## PARTIES

8. Plaintiff Brian Mohr is a resident of Florida. He formerly lived in Merrillville, Indiana, and is still the recorded owner of property located in Merrillville.

9. Defendant Newrez LLC, formerly known as New Penn Financial, LLC, is a limited liability company with principal offices at 4000 Chemical Road, Suite 200, Plymouth Meeting, PA 19462. It does business as Shellpoint Mortgage Servicing ("Shellpoint").

10. Shellpoint does business in Indiana. Its registered agent and office is Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204.

11. Shellpoint is a "special servicer" of residential mortgage loans for others. A "special servicer" is one that services defaulted loans, as opposed to performing loans.

12. Shellpoint obtains rating as a "special servicer" of loans, enabling it to acquire business of that nature.

13. Shellpoint uses the mails and telephone system in its special servicing business.

14. Shellpoint is a debt collector as defined in the FDCPA.

## FACTS

15. Shellpoint began servicing plaintiff's residential mortgage loan in August, 2017, after plaintiff had been discharged from personal liability on the loan in a Chapter 7 case.

16. Plaintiff did not reaffirm the loan and the servicer at the time, Chase, obtained relief from the automatic stay to proceed with a foreclosure case, but never followed through with a foreclosure action.

17. Plaintiff sued Shellpoint in January, 2018 for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"); and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").  Case No. 2:18-cv-00040 (N.D.IN)

18. Plaintiff's 2018 case settled in a confidential manner, and his case was dismissed on August 28, 2018.

19. Plaintiff agreed to a consent foreclosure and a foreclosure was filed in September, 2018.  However, nothing was done to advance the foreclosure for several months.

20. On February 19, 2019, defendant sent plaintiff the letter attached as Exhibit A.

21. Exhibit A demands information regarding homeowner's association hazard insurance and threatens to impose force placed insurance on the property.  Exhibit A also states that "You must pay us for any period during which the insurance we buy is in effect but you do not have insurance."

22. Plaintiff's counsel promptly contacted defendant's counsel regarding the letter, noting that it violated the FDCPA, and inquired into the status of the foreclosure.

23. Defendant's foreclosure counsel did send a new consent foreclosure document for plaintiff to sign after plaintiff's counsel's above communication, which plaintiff signed and returned by March 21, 2019.

24. On March 21, 2019, defendant sent plaintiff a second letter stating that it was a "second and final notice" regarding homeowner's association hazard insurance (Exhibit B), and again threatening to force place insurance at an estimated cost of $6,115.20 annually, that

plaintiff "must pay us for."

25. On April 8, 2019, defendant sent plaintiff a third letter (Exhibit C) indicating that it had forced place insurance at a cost of $6,115.20, which would be added to his escrow amount. The letter indicated an insured amount of $739,236.

26. On information and belief, the insured amount is excessive as plaintiff's former unit is worth less than $125,000, and there are four units attached together in the building containing plaintiff's former unit. Also on information and belief, those four combined units are not worth the insured amount, nor would it cost that much to rebuild them.

27. Plaintiff was harassed and inconvenienced by these communications. Plaintiff fears defendant is going to try to hold him liable for the force placed insurance, and that he will have to expend money defending himself against such claims.

## COUNT I – FDCPA

28. Plaintiff incorporates paragraphs 1-27.

29. The sending of Exhibits A and B violated 15 U.S.C. §1692e, 1692e(2), and 692e(10), by representing that the recipient is liable for a debt and must pay defendant money when that was not true.

30. Exhibits A and B contained statements on a later page entitled "Supplemental Information" which first stated that "Shellpoint Mortgage Servicing is a debt collector. This letter is an attempt to collect a debt and any information obtained will be used for that purpose."

31. The next line then suggests that "to the extent that your obligation has been discharged ... this notice is for compliance and informational purposed only and does not constitute a demand for payment" that statement is not conclusive and is overshadowed by the statements on the first page of the letter. If the letter was truly not meant to suggest that plaintiff must pay for forced place insurance, the statement should have been placed at the very beginning of the letter, and should have expressly acknowledged that plaintiff's personal liability had been discharged. Using the term "to the extent" when defendant's records make it clear his liability

4

was discharged is confusing and misleading. It should also not have been immediately proceeded by a statement that the letter is an attempt to collect a debt. Moreover, the debt in question is arguably a post petition debt, which makes defendant's statement even more confusing.

32. Attempting to hold plaintiff liable for insurance expenses on the property when defendant has been dragging its feet for years on foreclosing on the property, and adding an excessive amount of force placed insurance is an unfair practice in violation of 15 U.S.C. §1692f.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    i. Statutory damages;

    ii. Actual damages, including any homeowner's association fees that have accrued since the prior servicer obtained relief from the automatic stay;

    iii. Attorney's fees, litigation expenses and costs of suit;

    iv. Such other and further relief as the Court deems proper.

## COUNT II – BREACH OF CONTRACT

33. Plaintiff incorporates paragraphs 1-27.

34. Defendant breached the confidential settlement agreement between plaintiff and defendant.

35. As a result of defendant's breach, plaintiff has been subjected to potential liability for incidents occurring at the property in question, and to the Homeowner's Association for the property.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

    i. An order requiring defendant to comply with the settlement agreement;

    ii. Actual damages;

    iii. Costs of suit;

    iv. Such other or further relief as the Court deems proper.

            */s/Daniel A. Edelman*
            Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

T:\34748\Pleading\New Complaint_Pleading.wpd

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                        */s/Daniel A. Edelman*
                                        Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

*/s/Daniel A. Edelman*
Daniel A. Edelman

## **CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that April 23, 2019, I caused a true and accurate copy of the foregoing document to be filed via the courts CM/ECF online system, which sent notice via email to all counsel of record.

                                                        /*s/ Daniel A. Edelman*
                                                        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)